IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULA BODENSCHATZ, | ) | Case No. 3:20-cv-113 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff Paula Bodenschatz ("Bodenschatz") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Court finds that the Commissioner's decision should be **AFFIRMED**.

I.    **Procedural History**

On July 16, 2018, Bodenschatz filed an application for DIB and SSI, alleging a disability onset date of January 8, 2018. (Tr. 15). Bodenschatz's application was initially denied on November 20, 2018. (*Id.*). An Administrative Law Judge ("ALJ") held a hearing on November 15, 2019. (*Id.*). The ALJ issued a decision on January 13, 2020, finding that Bodenschatz was not disabled. (Tr. 15-29). On April 16, 2020, the Appeals Council denied Bodenschatz's request for review of the ALJ's Decision. (Tr. 1–6). Bodenschatz appealed to this Court, where the parties' motions for summary judgment are now pending.

## II.  Issue Presented

Bodenschatz presents the following issue for review:

1. [Whether] [t]he ALJ erred by failing to fully account in the residual functional capacity ("RFC") for Plaintiff's migraine headaches, which he found to be a "severe" impairment. (ECF No. 15 at 1).

## III.  Discussion

### a.  Standard of Review

This Court's review is limited to a determination of whether the Commissioner's Decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014). "The Commissioner's findings of fact are binding if they are supported by substantial evidence." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938)). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Zirnsak*, 777 F.3d at 610 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). The Court "review[s] the record as a whole to determine whether substantial evidence supports a factual finding." *Id.* (quoting *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Finally, the Court "review[s] the ALJ's application of the law de novo." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).

b. **Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process. 20 C.F.R. § 404.1520(a)(4). "First, the Commissioner considers whether the claimant is 'engaging in substantial gainful activity.'" *Zirnsak*, 777 F.3d at 611 (quoting 20 C.F.R. § 404.1520(a)(4)(i)). If the claimant is engaging in substantial gainful activity, then the claimant is not disabled. *Id.* "Second, the Commissioner considers the severity of the claimant's impairment(s)." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii). If at step two "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled." *Id.* "Third, the Commissioner considers whether the claimant's impairment(s) meet or equal the requirements of one of the Commissioner's listed impairments." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iii)). If at step three "the claimant's impairment(s) meet [or exceed] the requirements of a listed impairment, then the claimant is disabled." *Id.*

If the claimant's impairments do not meet or exceed a listed impairment "then the inquiry proceeds to the fourth step, where the Commissioner considers whether the claimant can return to her past work." *Id.* In determining whether the claimant can perform past relevant work, the claimant's residual function capacity ("RFC") is assessed. *Id.* "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'" *Id.* (quoting 20 C.F.R. § 404.1545(a)(1)) (alterations in original). In assessing the claimant's RFC, the "Commissioner examines 'all of the relevant medical and other evidence' to make its RFC determination." *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)). If the claimant can perform past

relevant work, then the claimant is found not to be disabled. *Id.* The claimant bears the burden of satisfying the first four steps by a preponderance of the evidence. *Id.*

At step five, "the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing." *Id.* at 612 (citing 20 C.F.R. § 404.1520(a)(4)(v); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987)). To meet this burden, "the Commissioner must produce evidence that establishes that 'work exists in significant numbers in the national economy that [the claimant] can do.'" *Id.* (quoting 20 C.F.R. § 404.1560). The Commissioner uses the RFC, as well the testimony of vocational experts and specialists, to establish that work exists in significant numbers in the national economy that the claimant is capable of performing. *Id.* "[E]ntitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy." *Id.* (internal quotation marks omitted).

### c. The ALJ's Evaluation of Bodenschatz

The ALJ found that Bodenschatz "ha[d] not engaged in substantial gainful activity since January 8, 2018, the alleged onset date." (Tr. 17). At step two, the ALJ found that Bodenschatz "had the following severe impairments: degenerative disc disease, peripheral neuropathy, bilateral carpal tunnel syndrome, asthma, bronchitis, status post a cryptogenic stroke, migraine headaches, depression, anxiety, and polysubstance abuse." (Tr. 18). Further, the ALJ found that these "medically determinable impairments significantly limit the ability to perform basic work activities." (*Id.*). At step three, the ALJ found that Bodenschatz "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (*Id.*).

At step four, the ALJ determined that Bodenschatz "is unable to perform any past relevant work." (Tr. 26). The ALJ found that Bodenschatz has the RFC "to perform light work[,] . . . except she can never climb ladders and scaffolds. She is able occasionally to handle with the right hand. She cannot be exposed to unprotected heights or moving machinery. She is able occasionally to be exposed to pulmonary irritants. She is able to understand, remember and carry out simple instructions." (Tr. 20).

Finally, at step five the ALJ determined that, "[c]onsidering [Bodenschatz's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Bodenschatz] can perform." (Tr. 27). Accordingly, the ALJ found that Bodenschatz "has not been under a disability . . . from January 8, 2018, through the date of [the ALJ's] decision." (Tr. 29).

### d. Analysis

> i. **The ALJ's RFC determination adequately addresses the "severe" impairment of Bodenschatz's migraine headaches and is supported by substantial evidence.**

Bodenschatz contends that the RFC determination made by the ALJ is not supported by substantial evidence because the RFC fails to fully account for the limitations her migraine headaches have on her ability to perform work-like activities.[1] (ECF No. 15 at 4),

First, Bodenschatz contends that the ALJ's RFC determination fails to account for the limitations her migraine headaches have on her ability to perform work-like activities because the RFC neglects to account for the primary impact of her migraine headaches—

---

[1] Bodenschatz acknowledges that some of the limitations found in the RFC, such as avoiding heights or machinery, might be related to migraine headache limitations; however, her main contention is that the RFC fails to account for limitations while a migraine is occurring. (ECF No. 15 at 7).

namely, being off task for considerable periods of time due to severe pain. (*Id.*). Following her stroke, Bodenschatz reported she would experience migraine headaches anywhere from three to 16 times a month for approximately four to six hours per event. (Tr. 49; 971). Bodenschatz argues that the recurring instances, lengthy duration, and painful severity of her migraine headaches impact her ability to work. (ECF No. 15 at 7-8). Relying on vocational expert ("VE") testimony that "missing more than two days of work per month and/or being off task 15% of the workday precludes the ability to engage in competitive employment,"(ECF No. 15 at 7-8), Bodenschatz contends that the ALJ should have accounted for the time she is off task dealing with her migraine headaches in his RFC determination. (*Id.*).

Bodenschatz further argues that the ALJ does not explain why the limitations of her migraine headaches were excluded from the RFC determination and that the ALJ mischaracterized several parts of her testimony in its RFC determination. (*Id.*).

The Commissioner responds that the ALJ properly considered all relevant factors when making its RFC determination, including: whether the claimant has been diagnosed with migraines; whether the claimant has received treatment and medication; the length of the history of complaints and treatment related to migraines; the migraines' alleged severity and frequency; the symptoms the claimant alleges the migraines cause; and whether the record contains statements from doctors questioning the alleged frequency. (ECF No. 17 at 15). Further, the Commissioner contends that the ALJ's RFC determination did not include an off-task limitation because the ALJ properly determined that the testimony of Dr. Torres was not persuasive. (*Id.* at 16). The ALJ found Dr. Torres's testimony was unpersuasive

because it was not supported by her own normal examination findings, Bodenschatz's treatment record, and the results of her diagnostic studies. (*Id.* at 16). Lastly, the Commissioner responds that the ALJ did not mischaracterize Bodenschatz's testimony. (*Id.* at 17-18). Rather, the Commissioner argues that the ALJ considered all parts of the factual record, noted inconsistencies, and made its RFC determination based on Bodenschatz's functional limitations where supported by the record. (*Id.*).

It is the ALJ's responsibility to determine a plaintiff's RFC. *Garrett v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 163 (3d Cir. 2008). In assessing a claimant's RFC, the ALJ is to consider all of a claimant's medically determinable impairments, as well as all of the relevant evidence pertaining to those impairments, including medical records, statements from medical sources, and descriptions by the claimant of her limitations. 20 C.F.R. §§ 404.1545(a)(3)–(4). "[T]he ALJ's RFC determination must include all of Plaintiff's limitations, but only those limitations that are fully credible, or supported by objective evidence, need be included." *Guzman v. Berryhill*, No. CV 17-199, 2018 WL 2984961, at *1 (W.D. Pa. June 14, 2018) (quoting *Pettway v. Colvin*, No. 14-6334, 2016 WL 5939159, at *8 (E.D. Pa. Apr. 8, 2016)).

The ALJ accounted for Bodenschatz's migraine headaches in its RFC determination. First, in its RFC determination, the ALJ noted the medical evidence demonstrating Bodenschatz suffered from a history of migraine headaches. (Tr. 22). The ALJ then discussed her treatment, medication, and consultations with different medical professionals including Dr. Torres and Nurse Practitioner (NP) James. (*Id.*). Lastly, the ALJ discussed the duration, severity, and instances of Bodenschatz's headaches, her habits with

respect to treating her headache symptoms, and whether she was compliant with treatment measures given to her by her care providers. (Tr. 22-25).

Next, the ALJ addressed the primary impact of Bodenschatz's headaches on her ability to perform work-like activities (*Id.*). Bodenschatz argues that because the RFC determination does not account for "off task time" caused by dealing with painful migraine headaches, the RFC determination is defective. (ECF No. 15). However, in reviewing the record, the ALJ did review medical records stating that Bodenschatz would experience off task time, have difficulty concentrating, and/or miss days of work—but the ALJ found the testimony and records to be unpersuasive. (Tr. 25, 695, 939-941, 966-970, 983, 981-986, 1101-1102). Specifically, the ALJ reviewed Dr. Torres's records and opinions and found them to be unpersuasive because her opinions were "unsupported by her own findings, the record of treatment, and the diagnostic studies" reviewed by the ALJ. (Tr. 25). Further, the ALJ considered, but also found unpersuasive, Dr. Torres's findings that Bodenschatz would be "off task 15 percent of the workday, [that her] focus and concentration [would be] below five minutes at one time, [and she would miss] two workdays monthly." (*Id.*). It is clear from a review of the record that the ALJ fully accounted for Bodenschatz's migraine headaches, including whether they would cause her off-task time, when rendering its RFC determination.

Additionally, as Bodenschatz herself concedes, some of the limitations in the ALJ's RFC determination, including avoiding heights or machinery, might be related to migraine headaches. (ECF No. 15 at 7). The inclusion of these RFC limitations further evidence that the ALJ fully accounted for Bodenschatz's migraine headaches when making its RFC

determination. Taken together, the Court finds that there is substantial evidence to support the ALJ's RFC determination.

Next, Bodenschatz argues that the ALJ mischaracterized several parts of her testimony and inappropriately relied on her failure to keep a headache diary when accounting for her migraine headaches in its RFC determination. (ECF No. 15 at 7-15). Specifically, Bodenschatz alleges the ALJ mischaracterized whether she sought treatment when migraines occurred, and whether she could control her headaches so she could watch her grandson (ECF No. 15 at 7-13). The Court does not find that the ALJ mischaracterized Bodenschatz's testimony. For example, it is true that Bodenschatz was undergoing continuous treatment and that her medication was regularly adjusted to treat her migraine headaches. (Tr. 974, 976, 986, 1095, 1097, 1106). It is also true that she failed to report approximately eight episodes of unresponsiveness and "staring." (Tr. 24, 979). The ALJ's discussion of both her ongoing treatment and medication, as well as her failure to report episodes of ongoing migraine headaches, are not mischaracterizations. The same is true of Bodenschatz's testimony that she could control her migraine headaches to watch her grandson. (*See* Tr. 24-25). Bodenschatz testified that she "usually get[s] the migraine early in the day," that "it doesn't last all day," and, "if it does, [she] ha[s] to deal with it." (Tr. 50). The ALJ found that Bodenschatz's "migraine headaches always happened when her 21-month old grandson was in daycare, and that she had the migraine headaches completely under control when her grandson arrived after 5:00 p.m. so that she could manage him for 5-6 hours." (Tr. 25). The Court does not view the ALJ's findings as a mischaracterization of Bodenschatz's testimony. While Bodenschatz contends the ALJ mischaracterized her

testimony, both her testimony and the ALJ's characterization of her testimony can be construed together—namely that Bodenschatz's headaches occurred early in the day, that the headaches did not last all day, that she would watch her grandson in the evening after 5:00 p.m., and that she had her migraine headaches completely under control when her grandson arrived or she would just deal with an ongoing migraine headache if it had not abated. The Court does not find the ALJ mischaracterized Bodenschatz's testimony.

Lastly, the Court does not find that the ALJ inappropriately relied on Bodenschatz's failure to keep a headache diary when accounting for her migraine headaches in its RFC determination. In its RFC determination, the ALJ noted that "[Bodenschatz] does not keep a migraine headache diary, but was asked again to do so for treatment," and that "[she] denied at the hearing that she was ever asked to keep a headache diary." (Tr. 25). It is true that Bodenschatz was informed by her care providers to keep a headache diary, but repeatedly failed to do so (Tr. 967, 975, 986-987, 1106, 1108-1111). The Court does not find that the ALJ inappropriately relied on this factor any more than other portions of the factual record the ALJ considered when rendering its RFC determination.

**Conclusion**

Based on the foregoing, the Court finds that the Commissioner's decision should be affirmed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULA BODENSCHATZ, | ) | Case No. 3:20-cv-113 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this 15th day of October, 2021, upon consideration of Plaintiff's Motion for Summary Judgment and brief in support (ECF Nos. 14, 15), Defendant's Motion for Summary Judgment and brief in support (ECF Nos. 16, 17), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 14) is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 16) is **GRANTED**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**